UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Krebsbach, Isabel Martinez, and Jennie Strobel, | Court File No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| Jason Rewerts, Shawna Heavirland, and Kwik Trip, Inc., | |
| Defendants. | |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Kwik Trip, Inc. and Shawna Heavirland (collectively "Defendants") hereby give notice of removal of the above-captioned action currently pending in the Stearns County District Court, State of Minnesota, to the United States District Court for the District of Minnesota.  In support of their Notice of Removal, Defendants state as follows:

1.      On or about November 16, 2024, Plaintiffs, James Krebsbach, Isabel Martinez and Jennie Strobel ("Plaintiffs") commenced a civil action against Kwik Trip, Inc. ("Kwik Trip") and also identified Jason Rewerts, Shawna Heavirland as Defendants. The action was filed in the Stearns County District Court in the State of Minnesota. A true and correct copy of the Summons and Complaint is attached as Exhibit A. Plaintiffs perfected service to Rewerts, Heavirland, and Kwik Trip pursuant to Minnesota Rule of Civil Procedure 3.01 on November 16, 2024 (Heavirland), November 18, 2024 (Rewerts), and November 21, 2024 (Kwik Trip) respectively.

2.      ***Diversity Jurisdiction Basis for Removal:***  This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendants may remove to the Court under 28 U.S.C. §§ 1441 and 1446, in that the Plaintiffs in this action are diverse in citizenship from the only Defendants whose citizenship should be considered, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3.      ***Citizenship of Parties:***  Plaintiffs are the sole identified plaintiffs in this action.   Upon information and belief, Plaintiffs Krebsbach and Martinez were citizens and residents of the State of Minnesota at the time of the commencement of this action and are now citizens and residents of the State of Minnesota. Plaintiff Strobel was a citizen and resident of the State of California at the time of the commencement of this action and is now a citizen and resident of the State of California.  (*See* Exhibit A.)

4.      Defendant Kwik Trip is one of three identified defendants in this action. For the purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (emphasis removed) (citing 28 U.S.C. § 1332(c)(1)). Kwik Trip is incorporated in the State of Wisconsin.

5.      Under *Hertz Corp. v. Friend*, the principal place of business of a corporation is "the place where a corporation's officers direct, control, and coordinate the corporation's activities [which is] normally . . . the place where the corporation maintains its headquarters." 559 U.S. 77, 92-93 (2010).  Kwik Trip's corporate offices are in the State

of Wisconsin, and its officers direct, control, and coordinate its activities in that state.  As a result, Kwik Trip's principal place of business is in the State of Wisconsin.

6.     As a result, Plaintiffs are diverse in citizenship from Kwik Trip so as to vest removal jurisdiction in this Court.

7.     Rewerts and Heavirland are the other identified defendants in this action. Upon information and belief, Defendants Rewerts and Heavirland are citizens and residents of the State of Minnesota. Under the doctrine of fraudulent joinder, the citizenship of Rewerts and Heavirland should not be considered in evaluating whether this Court has subject matter jurisdiction because Rewerts and Heavirland have been fraudulently joined as defendants in this matter.  *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), *as corrected* (Nov. 28, 2012) ("The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims.")  A defendant should be regarded as "fraudulently joined if there is 'no reasonable basis in fact and law' for the claim brought against it."  *Id.* (citations omitted). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2001).

8.    Plaintiffs' Complaint assert five, unrelated counts:

|  | Martinez | Strobel | Krebsbach |
|---|---|---|---|
| **Count I**: sex discrimination under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.08, 363A.03 | Kwik Trip | Kwik Trip | |
| **Count II**: reprisal in violation of the MHRA, Minn. Stat. § 363A.15 | Kwik Trip/Heavirland | Kwik Trip | Kwik Trip |
| **Count III**: discrimination because of sex/pregnancy in violation of the MHRA Minn. Stat. § 363A.03 | Kwik Trip | | |
| **Count IV**: retaliation in violation of Minnesota's Pregnancy Accommodation Statute, Minn. Stat. § 181.939 | Kwik Trip | | |
| **Count V**: retaliation in violation of the Minnesota Whistleblower Act ("MWA"), Minn. Stat. § 181.932 | | | Kwik Trip |
| **Count VI**: Civil Battery | | Kwik Trip/Rewerts | |

(*See generally*, Exhibit A.)

9.    Plaintiffs' claims have been fraudulently misjoined and should be severed.[1] That is, Plaintiffs are not properly joined under Rule 20(a)(1), nor are Defendants properly joined pursuant to Fed. R. Civ. P. 20(a)(2) because the claims do not involve common questions of law or fact, nor do they assert joint, several, or alternative liability arising out of the same transaction, occurrence, or series of transactions or occurrences.

---

[1] Defendants reserve the right to pursue separate motion practice on this issue and intend to file a motion to sever after removal has taken place.

10.     In addition, under Minnesota law, the Complaint does not state a viable cause of action against the nondiverse Defendants Heavirland and Rewerts for several reasons. First, under the MHRA, Heavirland (who is the only Defendant other than Kwik Trip that Plaintiffs alleged violated the MHRA), cannot be individually liable. *See Mehl v. PortaCo, Inc.*, 859 F. Supp. 2d 1026, 1034 (D. Minn. 2012) (the "MHRA [does] not impose individual liability on supervisors or managers…"); *Waag v. Thomas Pontiac, Buick, GMC, Inc.*, 930 F. Supp. 393, 407 (D. Minn. 1996) (finding the MHRA does not subject employees, even ones possessing supervisory authority, to individual liability). As a result, there is no legal basis for Heavirland to be included in Count II of Plaintiffs' Complaint.

11.     Further, the claim of civil battery against Rewerts (Count VI) is improperly joined in the case against Kwik Trip because Rewerts' alleged conduct was neither foreseeable nor in the scope of his employment, so *respondeat superior* does not apply. *Longen v. Fed. Express Corp.*, 113 F. Supp. 2d 1367, 1372 (D. Minn. 2000) (noting that "*respondeat superior* liability stems from public policy, not from any fault of the employer" and that *respondeat superior* does not apply merely because the sexual battery was committed by an employee during work hours, even when there was evidence of prior complaints). Alternatively, the claim of civil battery asserted against Rewerts and Kwik Trip is barred by the Minnesota Workers' Compensation Act's exclusivity provision.

12.     Notably, Krebsbach's claims are solely against Kwik Trip and are fully removable. The only even arguable bar to the removal of Krebsbach's claims is that he has improperly filed his Complaint along with two other Plaintiffs that have improperly named individual Defendants so as to avoid removal to this Court. All other allegations

made by Strobel and Martinez (Counts I, III, IV, and V) are against Kwik Trip only, with the exception of Counts II and VI. *Supra* at ¶¶ 10 and 11.  As the causes of action do not arise from the same transaction and occurrences between all Plaintiffs and all Defendants, the two counts which name the non-diverse Defendants cannot be used to destroy diversity. *In re Stryker Rejuvenate & ABG II Hip Implant Prod. Liab. Litig.*, No. CV 23-899 (DWF/DJF), 2023 WL 6514996, at *3 (D. Minn. Oct. 5, 2023), *appeal dismissed*, No. 23-3364, 2023 WL 11156365 (8th Cir. Oct. 26, 2023) (finding defendants were improperly joined "because the claims do not [] involve common questions of law or fact and assert joint, several, or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences"").

13.    There is no legal basis for Rewerts and Heavirland's inclusion in this matter. Plaintiffs' fraudulent joinder of these Plaintiffs' claims to include non-diverse Defendants does not prevent removal of this action to this Court, and the amount in controversy requirement is satisfied in this action. Accordingly, there is complete diversity between the parties.

14.    All Defendants consent to removal.[2]

15.    ***Amount in Controversy:***   This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  Plaintiffs expressly allege that they have incurred damages in an amount over $50,000 for their pain and suffering, lost wages, and discrimination.  It is thus plausible that alleged damages may

---

[2]  Counsel for Kwik Trip and Heavirland contacted counsel for Rewerts on December 3, 2024. Counsel for Rewerts confirmed he has no objection.

exceed $75,000, and removal is appropriate notwithstanding Plaintiffs' failure to precisely state an amount of damages exceeding the requisite amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

16. **Venue:** This Court is the United States District Court for the district and division embracing the place where this action is currently pending, as required by 28 U.S.C. § 1441(a).

17. **Timing of Removal:** Fewer than thirty (30) days have elapsed since November 16, 2024, when Plaintiffs first served Defendant Shawna Heavirland with the Complaint. *See* 28 U.S.C. § 1446(b).

18. Simultaneous with the filing of this Notice of Removal, Defendants have notified the Stearns County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

19. True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Stearns County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this action, now pending in the District Court for the County of Stearns, Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated: December 6, 2024

*s/ Emily A. McNee*

Emily A. McNee, Bar No. 0395228
emcnee@littler.com
Littler Mendelson, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:  612.630.1000
Facsimile:   612.630.9626

Jacqueline E. Kalk, Bar No. 0388459
jkalk@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendants Shawna
Heavirland and Kwik Trip, Inc.

4932-4664-2177.5 / 047514-1144

8